# In the United States Court of Federal Claims

(Pro Se)

Nos. 18-1998T/19-42T (Consolidated)

(Filed: September 12, 2019)

| | |
|---|---|
| WILLIAM H. LOVETT, JR., | Keywords: I.R.C. § 6212; I.R.C. § 6213; I.R.C. § 6320; I.R.C. § 6330; I.R.C. § 6511; I.R.C. § 7422; RCFC 12(b)(1); Tucker Act; Subject-Matter Jurisdiction. |
| Plaintiff, | |
| v. | |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |
| PAMELA H. LOVETT, | |
| Plaintiff, | |
| v. | |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |

Received - USCFC

SEP 1 2 2019

*William H. Lovett, Jr.* and *Pamela H. Lovett*, Wauchula, FL, pro se.

*Jason S. Selmont*, Attorney of Record, U.S. Department of Justice, Tax Division, Court of Federal Claims Section, Washington, DC, with whom were *G. Robson Stewart*, Assistant Chief, Court of Federal Claims Section, *David I. Pincus*, Chief, Court of Federal Claims Section, and *Richard E. Zuckerman*, Principal Deputy Assistant Attorney General, for Defendant.

## OPINION AND ORDER

**KAPLAN, Judge.**

The plaintiffs in these consolidated cases, William H. and Pamela H. Lovett ("the Lovetts"), are married to one another and own a veterinary clinic in Florida. They claim entitlement to refunds of all taxes paid for tax years 2000 through 2017 on the grounds that the government lacked the legitimate authority to collect those taxes. This theory is grounded in part on the Tax Court's dismissal of their previous lawsuit there for lack of jurisdiction. The Lovetts have invoked several legal theories in support of their claims, including takings law, tort-related

causes of action, and equity. The government has moved to dismiss both of the consolidated cases pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). The Court agrees with the government that it lacks subject-matter jurisdiction over the Lovetts' claims regardless of which of their legal theories it applies. Therefore, the government's motion to dismiss is **GRANTED** and both complaints are **DISMISSED without prejudice**.

## BACKGROUND

On December 26, 2017, the Lovetts filed a petition in the United States Tax Court for tax years "2000-FORWARD." Mot. Of The United States To Dismiss The Compl. ("Def.'s Mot.") Ex. 1, at 1, Docket No. 10.[1] The government moved to dismiss the petition for lack of jurisdiction on the grounds that (1) no notice of deficiency had been filed in accordance with I.R.C. §§ 6212 and 6213(a) for any of the tax years in question, and (2) no notice of determination had been sent to the Lovetts in accordance with I.R.C. §§ 6320 and 6330. Compl. Ex. A, at 1, Docket No. 1-6. The Lovetts filed a notice stating they did not oppose dismissal for lack of jurisdiction and requested five certified copies of the order dismissing the case. See id. Ex. B, at 1, Docket No. 1-7. On May 25, 2018, the Tax Court entered an order dismissing the petition based on both grounds cited by the government. Id.

Mr. and Mrs. Lovett then filed separate complaints in this court on December 21, 2018, and January 2, 2019, respectively. See Compl., Docket No. 1; Compl., Case No. 19-42 ("P. Lovett's Compl."), Docket No. 1. Both complaints allege that the government has "forc[ed]" and "coerced" the Lovetts to file "returns without jurisdiction." Compl. at 1–2; P. Lovett's Compl. at 1–2.[2] Both complaints demanded damages in the amount of $344,067.00. Compl. at 1; P. Lovett's Compl. at 1.[3]

The government moved to dismiss both complaints pursuant to RCFC 12(b)(1) on April 16, 2019. Case No. 18-1998, Docket No. 10; Case No. 19-42, Docket No. 12. It argued that the Lovetts had not satisfied the jurisdictional prerequisites for filing a refund suit because they had

---

[1] Unless otherwise noted, all citations are to the docket for the lead case, No. 18-1998. The government filed substantively similar motions to dismiss in each case and—after consolidation—a single reply brief in support of both motions.

[2] The arguments underlying the Lovetts' claims closely resemble the legal theories set forth in several other complaints filed in this court. See Def.'s Mot. at 3 n.2 (listing cases). Many of these cases remain pending, while at least three have been dismissed for lack of subject-matter jurisdiction. See Anderson v. United States, No. 19-168T, 2019 WL 2552938 (Fed. Cl. June 3, 2019); Jackson v. United States, 143 Fed. Cl. 242 (2019); Barry v. United States, No. 18-1387T, 2019 WL 1420973 (Fed. Cl. Mar. 28, 2019).

[3] The Lovetts later requested additional amounts for tax years 1970–1999. See Pl.'s Obj. To Def.'s Mot. To Dismiss And Incorporated Mem. Of Law ("Pl.'s Resp.") at 6, Docket No. 11; Pl.'s Resp. to Def.'s Mot., Case No. 19-42 ("P. Lovett's Resp.") at 6, Docket No. 13. The Court lacks jurisdiction over such claims for the same reasons discussed with regard to the tax years covered by the original complaints.

not filed claims for refund for any of the subject tax years, as required by I.R.C. § 7422. Def.'s Mot. at 4–6. The government's motions also argued that this Court lacks subject-matter jurisdiction over claims arising from alleged "coercion" because those claims would sound in tort. Id. at 6.

The Lovetts filed responses to the government's motions to dismiss in each of their respective cases on May 14, 2019. See Pl.'s Obj. To Def.'s Mot. To Dismiss And Incorporated Mem. Of Law, Case No. 18-1998 ("Pl.'s Resp."), Docket No. 11; Pl.'s Obj. To Def.'s Mot. To Dismiss And Incorporated Mem. Of Law, Case No. 19-42 ("P. Lovett's Resp."), Docket No. 13. Both responses disavowed any intent to bring a tort or tax-refund claim and instead relied on a Fifth Amendment takings theory. Pl.'s Resp. at 4–5; P. Lovett's Resp. at 4–5. The Lovetts each argued that their property had been "erroneously and unjustly taken under a certain color of law and authority with scheme and artifice more commonly known and described as 'federal income taxes' by contractors operating under the protection of Defendant under the umbrella of the [IRS]." Pl.'s Resp. at 1–2; P. Lovett's Resp. at 1–2. They also maintained that the government had deprived them of their "substantive due process of law rights with an ongoing course of conduct with intent to defraud." Pl.'s Resp. at 5; P. Lovett's Resp. at 5.

In its unified reply in support of both motions to dismiss, the government reiterated its argument that the Court lacks jurisdiction because the Lovetts have not filed claims for refund in accordance with the governing statutory scheme. Reply Br. In Further Supp. Of The Mot. Of The United States To Dismiss The Compl. at 2, Docket No. 14. The government also contended that the Lovetts' arguments conflate the subject-matter jurisdiction of the Tax Court and/or the Court of Federal Claims with the IRS's authority to collect taxes. Id. at 3–4. The government further argued that the Court lacks jurisdiction over the claims whether they are characterized as tort or takings claims, and finally that the Court lacks jurisdiction over any due process claims the Lovetts alleged in their response briefs. Id. at 4–6.

On June 5, 2019, the Court received from the Lovetts a response to the government's reply brief. See Order, Docket No. 16. That response was filed as a sur-reply by leave of the Court on June 10. Id.; Pls.' Resp. To Def.'s Reply Br. In Further Supp. of the Mot. Of The United States to Dismiss The Compl. ("Pls.' Sur-reply"), Docket No. 17. Therein, the Lovetts conveyed their intention to have their claims "heard in equity" and specifically disavowed any claims "for a certain 'tax refund.'" Pls.' Sur-reply at 1. They also again refuted any suggestion that they were bringing any tort claims. Id. Instead, the Lovetts argued in their sur-reply that the income "generated" in their veterinary business "is not subject to federal income tax law as it does not come from any source subject to the federal tax law." Id. at 4. They concluded their sur-reply with the assertion that all of their "'federal income tax payments' were based on constructive fraud bordering on extortion, theft or robbery primarily perpetrated and perpetuated by the IRS." Id. at 5.

## DISCUSSION

Having reviewed all of the parties' submissions, the Court agrees with the government that it lacks subject-matter jurisdiction over the Lovetts' claims regardless of which of the above-discussed theories the Court applies in its analysis. Whether a court has jurisdiction to decide a case is a threshold matter, and, if no jurisdiction exists, the court must order dismissal without

proceeding further. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998); RCFC 12(h)(3). The plaintiff bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence. Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013). It is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 F. App'x 860 (Fed. Cir. 2004).

Further, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). Thus, the Court may raise the issue of subject-matter jurisdiction sua sponte at any time, see Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008), and may "inquire into jurisdictional facts" to determine whether it has jurisdiction, Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991).

I.   **The Lovetts Have Not Satisfied The Jurisdictional Prerequisites For Tax Refund Claims**

Although the Lovetts have explicitly disavowed any attempt to allege tax refund claims, the substance of their submissions to the Court revolves primarily around tax-related grievances. Regardless, the claims do not fall within the Court's tax-refund jurisdiction.

The Tucker Act grants the Court of Federal Claims jurisdiction to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). It is well established that this jurisdictional grant extends to suits for the refund of taxes remitted to the Treasury. See Ont. Power Generation v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002); Shore v. United States, 9 F.3d 1524, 1525 (Fed. Cir. 1993); see also 28 U.S.C. § 1346(a)(1) (granting the Court of Federal Claims concurrent jurisdiction with the district courts over civil actions "against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws").

This Court's exercise of that jurisdiction is subject, however, to several statutory and jurisprudential prerequisites. See Ishler v. United States, 115 Fed. Cl. 530, 534–36 (2014). Among these is the requirement set forth in § 7422(a) that the taxpayer file an administrative refund request before filing a tax refund suit. Specifically, § 7422(a) provides that: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary." Moreover, under I.R.C. § 6511(a), the taxpayer must file the administrative refund request within the later of "3 years from the time the return was filed or 2 years from the time the tax was paid." Unless and until such a refund request is filed, "a suit for refund . . . may not be maintained in any court." United States v. Dalm, 494 U.S. 596, 602 (1990).

Here, the Lovetts claim that they are entitled to be repaid the sum of all of the income taxes they previously paid for tax years 2000 through 2017. Their position is based on their argument that the government lacked legitimate authority to collect the subject taxes. The Court finds that it lacks subject-matter jurisdiction to adjudicate the Lovetts' claims as refund claims because they have neither alleged nor shown that they ever filed any "claim for refund or credit" as required by § 7422(a). Although tax returns may function as administrative refund claims, they are claims only "for the amount of the overpayment disclosed by such return (or amended return)." 26 C.F.R. § 301.6402-3(a)(5); see also, e.g., Murdock v. United States, 103 Fed. Cl. 389, 394 (2012) ("The filing of a tax return reporting overpayments constitutes a simultaneous filing of [a claim for refund].")." Therefore, the Lovetts' returns for 2000 through 2016 cannot serve as claims for refund because they did not report the "overpayment" of the taxes they now claim they are entitled to recoup. See Murdock, 103 Fed. Cl. at 394; Exs. to Compl., Docket Nos. 1-3 to 1-5, 1-8 to 1-23.[4] Further, their submissions to the Court do not assert that they have ever filed the required administrative claims; indeed their sur-reply expressly states that they are not making claims "for a certain 'tax refund.'" Pls.' Sur-reply at 1.

For these reasons the Court finds that, to the extent the Lovetts have in fact brought tax refund claims, it lacks subject-matter jurisdiction to adjudicate them based on the Lovetts' failure to demonstrate they have fulfilled the statutory prerequisites set forth in § 7422(a).

## II.    The Court Lacks Jurisdiction Over Purported Takings Claims Challenging Allegedly Unlawful Government Actions

The Lovetts' responses to the government's motions to dismiss invoke the Fifth Amendment's Takings Clause. Pl.'s Resp. at 2–5; P. Lovett's Resp. at 2–5. They cannot bring takings claims within the Court's Tucker Act jurisdiction, however, without "conced[ing] the validity of the government action which is the basis of" the claims. Tabb Lakes, Ltd. v. United States, 10 F.3d 796, 802 (Fed. Cir. 1993); see also Shelden v. United States, 742 F. App'x 496, 501 (Fed. Cir. 2018) ("[T]he [Court of Federal Claims] lacks jurisdiction over takings claims in which the petitioner asserts the subject taking was not authorized."). Because the Lovetts maintain that the government illegitimately collected income tax from them, the Court lacks jurisdiction to consider their claims pursuant to the Fifth Amendment. Moreover, it is well settled that "the government's lawful exercise of its taxing powers is not a taking." Anderson v. United States, 2019 WL 2552938, at *3 (citing United States v. Sperry Corp., 493 U.S. 52, 62 n.9 (1989); Commonwealth Edison Co. v. United States, 271 F.3d 1327, 1339–40 (Fed. Cir. 2001); Atlas Corp. v. United States, 895 F.2d 745, 756 (Fed. Cir. 1990)).

For these reasons, the Court lacks subject-matter jurisdiction over any takings claims the Lovetts have attempted to assert in their submissions to the Court.

## III.    The Court Lacks Subject-Matter Jurisdiction Over Tort And Criminal Claims

---

[4] The Lovetts have not attached a copy of any return for 2017 to their complaints, and the government's records indicate that the Lovetts have not filed a return for tax year 2017. Def.'s Mot. Ex. 11, at 29.

The Lovetts have also couched their allegations in several legal theories which constitute tort claims. They have alleged that: (1) they were "coerced . . . to file returns without jurisdiction," Compl. at 2; (2) their property was taken through fraud or false pretenses, Pl.'s Resp. at 1; and (3) the government engaged in "constructive fraud bordering on extortion, theft or robbery," Pls.' Sur-reply at 5. Because these are tort claims, the Court lacks subject-matter jurisdiction over them. See, e.g., Moore v. United States, 419 F. App'x 1001, 1002 (Fed. Cir. 2011) (observing that the Court of Federal Claims lacks jurisdiction over tort claims including extortion); Stewart v. United States, 130 Fed. Cl. 172, 177–78 (2017) (collecting cases); Outlaw v. United States, 116 Fed. Cl. 656, 662 (2014) ("[F]raud and coercion are tort claims—over which this court has no Tucker Act jurisdiction.").

Similarly, to the extent that the Lovetts allege criminal wrongdoing on the part of the government, the Court also lacks subject-matter jurisdiction over such claims. See Moore, 419 F. App'x at 1002 (ruling that the Court lacks jurisdiction over criminal claims including conspiracy and theft); Stewart, 130 Fed. Cl. at 178 (collecting cases).

## IV.    The Court Lacks Subject-Matter Jurisdiction Over Due Process Claims

The Lovetts have also invoked their "substantive due process of law rights" in their responses to the government's motion to dismiss. Pl.'s Resp. at 5; P. Lovett's Resp. at 5. Because it is well established that due process claims do not fall within the Court's Tucker Act jurisdiction, the Court may not consider any due process claims the Lovetts have asserted. See Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act.").

## V.    The Court Does Not Possess General Equity Jurisdiction

In their sur-reply, the Lovetts state that they "intended to have and still wish to have this claim heard in equity." Pls.' Sur-reply at 1. Although the Court may order equitable relief "as an incident of and collateral to" a judgment, it "does not possess general equity jurisdiction." Roth v. United States, 378 F.3d 1371, 1384 (Fed. Cir. 2004); see also Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003). In other words, the Lovetts cannot bring a standalone equitable claim in this court in the absence of a related claim falling under the jurisdiction granted by the Tucker Act—which, as explained above, is lacking here. Like the other legal theories they have advanced, the Lovetts' desire to have their claims "heard in equity" is unavailing for purposes of demonstrating the Court's subject-matter jurisdiction over their claims. Therefore, the Court finds that they have not satisfied their burden to demonstrate proper jurisdiction through preponderant evidence.

## CONCLUSION

Based on the foregoing, the government's motion to dismiss is **GRANTED** and Plaintiffs' complaints are **DISMISSED without prejudice** for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1). The Clerk is directed to enter judgment accordingly. The parties shall bear their own costs.

**IT IS SO ORDERED.**

_____

ELAINE D. KAPLAN
Judge